### In the Matter of the Tutorship of the Minor Heirs of Susannah Bruce.

The appointment of the paternal uncle to the tutorship of the minor children of his deceased brother, can only be made after due notice, and upon the advice of a family meeting; nor can the appointment of a person standing in that relationship to minors, without such notice and advice, form the basis of the plea of *res judicata* to an action brought to set it aside.

APPEAL from the District Court of Catahoula, *Barry*, J.

*Taliaferro*, for plaintiff. *O. Mayo* and *D. Evans*, for defendant and appellant.

SPOFFORD, J. The plaintiff, alleging himself to be a maternal uncle of the minors, *Robert J. W. Bruce* and *Mary Ann Bruce*, seeks to set aside the appointment of the defendant, a paternal uncle, to the tutorship of the said minors

The grounds laid are, that the Clerk made the appointment the next day after the defendant's application, without any notice whatever to the plaintiff, or any opportunity being afforded him to make opposition thereto, without any disclosure under oath by the applicant of the names of the relations of said minors, in the same degree, living in the State, who were well known to him, and of whom the present plaintiff is one, and without the convention and advice of a family meeting.

The defendant met this petition with a plea of *res judicata*, which was sustained in the court below and the suit dismissed. The decree which the petition attacks, is said to constitute the thing adjudged.

For the purposes of the trial of the exception in the form in which it is pleaded, the allegations of the petition are to be taken as true.

But they sweep away the foundation of the plea of *res judicata;* they deny that the plaintiff was a party to the proceedings which resulted in the former decree ; they seek to avoid that decree, on the very ground that the plaintiff had no notice, actual or constructive, of the defendant's application for the tutorship, although the law made it the duty of the applicant to disclose his name to the Clerk, and of the Clerk to cite him to show cause why the applicant should not be appointed. " If it be a relation not in the ascending line who claims the tutorship, the judge shall order the petitioner to declare, under oath, what are the minors' relations residing in the State who are in an equal or nearer degree than he is; and on such declaration he shall order that such relations be cited to show whether they have any cause for opposing the appointment prayed for." C. P., 953.

The plea of *res judicata* should have been overruled, as nothing had been decided between these parties. C. C., 22, 65.

In remanding the cause, we remark that, if the allegations of the petition are found to be correct, the decree appointing the defendant tutor to the minors *Bruce* should be annulled, and a family meeting convoked to advise the Clerk, in conformity with Article 285 of the Civil Code.

Regulations established in the interest of minors should be faithfully observed. <span>SUCCESSION OF BRUCE.</span> The appointment of tutors, in cases like the present, is a delicate duty, and is not entrusted to the arbitrary discretion of the Clerk, or to be given to the first claimant; but is to be made after due notice to the nearest relations, and upon the advice of a family meeting.

The law recognizes the interest of the plaintiff, under his allegations, to inquire into the regularity and propriety of the appointment in this case.

It is therefore ordered that the judgment of the District Court be reversed, the defendant's exceptions overruled, and the cause remanded for further proceedings according to law, the costs of this appeal to be borne by the defendant and appellee.